UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| | ) No. 4:06CV01427 FRB ) |
| v. | ) ) |
| EDWARD LOEHR, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Presently before the Court is the motion of plaintiff State Auto Property and Casualty Insurance Company, ("plaintiff" or "State Auto") to dismiss defendant Edward Loehr's ("defendant" or "Mr. Loehr") two-count Counterclaim, or alternately, for judgment on the pleadings, filed pursuant to Fed.R.Civ.P. 12(b)(6) and 12(c), respectively. (Docket No. 25/filed May 9, 2006.)[1] This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

---

[1]In its Motion, plaintiff refers to defendant's April 2, 2007 Counterclaim. Indeed, on that date, defendant filed his First Amended Answer, Affirmative Defenses and Counterclaims, but subsequently obtained leave from this Court and filed his Second Amended Answer, Affirmative Defenses and Counterclaims on May 1, 2007. Inasmuch as the two counterclaims in defendant's Second Amended pleadings are identical to those in the superseded pleadings, the undersigned will treat the instant motion as if it were directed towards defendant's Second Amended Counterclaim.

-1-

The following facts are based upon the allegations contained in Mr. Loehr's Counterclaim which, for the purposes of the instant motion to dismiss, are assumed to be true. State Auto, a foreign corporation organized and existing under the laws of Ohio and authorized to do business in Missouri, issued to Mr. Loehr, a resident of the State of Missouri, a Homeowner's Insurance Policy, Number HDP 4283213 ("policy"), providing coverage for Mr. Loehr's home at 18016 Panorama Drive in Wildwood, Missouri.[2] The policy included coverage for, inter alia, dwelling, other structures, personal property, and loss of use. The policy period ran from December 21, 2003 through December 21, 2004.

On July 24, 2004, Mr. Loehr's home and its contents were destroyed by fire. In accordance with the terms of the policy, Mr. Loehr notified State Auto, submitted claims for his losses, and received payment from State Auto "on certain claims" and for "certain limited loss of living expenses and loss of use costs." (Defendant's Counterclaim, Docket No. 22-2 ("Counterclaim") at page 5, paragraph 12.)[3] Defendant further alleges that plaintiff failed to make additional payments to him as obligated by the terms and

---

[2] The parties do not dispute the existence of a valid contract for insurance.

[3] The undersigned notes that, in its Complaint, State Auto characterizes Mr. Loehr's homeowner's claim as a "disputed claim" inasmuch as the parties differed in their valuation of Mr. Loehr's property. The undersigned further notes that the homeowner's policy at issue provided for two types of payment: "Actual Cash Value" ("ACV") and "Replacement Cost Value" ("RCV"). Plaintiff paid defendant based upon ACV; however, payment for RCV would potentially be higher. In its Complaint, plaintiff seeks a Declaratory Judgment that defendant is entitled to RCV only upon providing plaintiff documented proof of such expenditures.

conditions of the policy and, in so doing, engaged in unnecessary delay, harassment, and recalcitrant behavior in order to coerce him to accept an amount less than adequate value for his loss. Defendant further alleges that defendant breached the contract of insurance inasmuch as plaintiff failed and refused to make full payment to defendant for his complete loss in accordance with the terms of the policy.

## II. Legal Analysis

Because this matter is before this Court pursuant to diversity jurisdiction, this Court must apply Missouri's substantive law, and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) (federal court sitting in diversity must apply the forum state's substantive law, and federal procedural law); see also Winthrop Resources Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir. 2001).

The purpose of a motion to dismiss is to test the sufficiency of the complaint or, in this case, the Counterclaim. In order to survive the instant motion to dismiss for failure to state a claim, defendant's Counterclaim must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1964-65, 1974 (2007). The Court explained that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. In applying this standard, the Court noted

that it was not imposing a "probability requirement at the pleading stage," and a well-pleaded complaint could proceed even if it was apparent that actual proof of the facts alleged was improbable and recovery was unlikely.  Id.  The Court further explained that the complaint merely needed to contain enough factual matter to "raise a reasonable expectation that discovery will reveal evidence of" the claim or element.  Id.

**A. Counterclaim I -- Vexatious Refusal**

Plaintiff argues for dismissal of defendant's vexatious refusal Counterclaim because defendant failed to plead facts sufficient to entitle him to relief under Missouri's vexatious refusal statute, inasmuch as defendant is required to prove that plaintiff refused to make a payment under a policy, and that such refusal was willful and without reasonable cause.  Plaintiff further argues that defendant's Answer to plaintiff's Complaint contains an admission precluding recovery for vexatious refusal, inasmuch as defendant admits that he received payments from plaintiff as provided by the policy.  Plaintiff concedes the existence of a valid homeowner's insurance policy between itself and defendant.  A review of the Counterclaim reveals that defendant has pleaded sufficient facts to state a claim for vexatious refusal.

There are two Missouri statutes relevant to this discussion.  Mo. Rev. Stat. §375.296 authorizes damages for

vexatious refusal where an insurer refuses to pay a claim after 30 days, and it appears from the evidence that the refusal was vexatious and without reasonable cause. Mo. Rev. Stat. §375.420 also describes vexatious refusal to pay, and specifically,

> In any action against any insurance company to recover the amount of any loss under [an insurance policy], if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

Therefore, in order to state a claim for vexatious refusal in Missouri, Mr. Loehr's counterclaim must plead facts which, if proven, would show that: (1) he had an insurance policy with State Auto; (2) State Auto refused to pay; and (3) State Auto's refusal was without reasonable cause or excuse. Hensley v. Shelter Mutual Ins. Co., 210 S.W.3d 455, 464 (Mo. Ct. App. 2007) (citing Dhyne v. State Farm Fire and Casualty Co., 188 S.W.3d 454, 457 (Mo. 2006)). "Missouri courts recognize that claims of vexatious refusal to pay arise in innumerable contexts." Dhyne, 188 S.W.3d at 458. "Thus, direct and specific evidence of vexatious refusal is not required and 'the jury may find vexatious delay upon a general survey and a consideration of the whole testimony and all the facts and circumstances in connection with

the case.'" Id. (citing DeWitt v. American Family Mutual Ins. Co., 667 S.W.2d 700, 710 (Mo. banc 1984)). "When there is "evidence that an insurer's bad faith efforts have hindered a legitimate insurance claim, the action for vexatious refusal should be submitted to the jury." Dhyne, 188 S.W.3d at 458 (citing Morris v. J.C. Penney Life Ins. Co., 895 S.W.2d 73, 79 (Mo. Ct. App. 1995)).

Taken as true, the facts alleged in defendant's Counterclaim are sufficient to sustain a claim for vexatious refusal under Missouri law. State Auto's argument that defendant's "admission" of receipt of payment from State Auto precludes the instant claim for vexatious refusal is not compelling, inasmuch as defendant never concedes that State Auto paid him the full value of his loss. In his Counterclaim, defendant alleges that the policy included coverage for "Dwelling, Other Structures, Personal Property, and Loss of Use, as well as additional coverage", and further alleges that, although State Auto made payment "for certain limited loss of living expenses and loss of use costs," State Auto "failed and refused to make additional payment to Defendant as Plaintiff is obligated under and in accordance with the terms and provisions of the Policy." (Counterclaim at page 5, paragraphs 7, 12.) Defendant further alleges that he fulfilled all of his duties and obligations under the policy, and that State Auto engaged in unnecessary delay, harassment, and unreasonable and recalcitrant behavior in an effort to coerce him to accept an amount less than

the full value of his loss. (Id. at paragraphs 10-14.) Finally, defendant alleges that State Auto's refusal was vexatious and without reasonable cause or excuse, and cites the appropriate Missouri statute providing for vexatious refusal claims. (Id. at 15-16.)

The facts alleged in defendant's Counterclaim sufficiently state a claim to relief that is "plausible on its face", and raises "a reasonable expectation that discovery will reveal evidence of" defendant's claim for vexatious refusal to pay. See Bell Atlantic Corp., 127 S.Ct. at 1960, 1965, 1974. The undersigned therefore finds that defendant is entitled to present evidence in support of his claim for vexatious refusal.

**B. Counterclaim II – Breach of Contract**

State Auto next argues that defendant's second Counterclaim, alleging breach of contract, should be dismissed inasmuch as defendant failed to specify the basis for the claim, or the actual amount owed.

In Missouri, in order to state a claim for breach of contract, the following elements must be plead: (1) the existence of a contract between the parties; (2) mutual obligations arising under its terms; (3) the party being sued failed to perform obligations imposed by the contract; and (4) the party seeking recovery was thereby damaged. Jackson v. Williams, Robinson, White & Rigler, P.C., -- S.W.3d --, 2007 WL 2164873, *2 (Mo. Ct. App.

2007) (citing <u>Superior Ins. Co. v. Universal Underwriters Ins. Co.</u>, 62 S.W.3d 110, 118 (Mo. Ct. App. 2001)).

Taken as true, the facts alleged in defendant's Counterclaim sufficiently plead all of the necessary elements to state a claim for breach of contract under Missouri law. Although the parties do not dispute the existence of a valid contract of insurance, defendant indeed alleges this necessary element in his Counterclaim. (Counterclaim at page 6, paragraph 19.) Defendant goes on to allege the existence of each of the remaining necessary elements: (1) the parties were mutually obligated under the contract; (2) State Auto failed and refused to make full payment for the complete loss suffered in accordance with the contract; and (3) defendant suffered damages as a result of State Auto's breach. (<u>Id.</u> at pages 6-7, paragraphs 24-27.) To require defendant to plead the exact amount of money owed at this stage of the litigation would be premature. The facts alleged in defendant's Counterclaim sufficiently state a claim to relief that is "plausible on its face", and raises "a reasonable expectation that discovery will reveal evidence of" defendant's claim for breach of contract. <u>See</u> <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1960, 1965, 1974. The undersigned therefore finds that defendant is entitled to present evidence in support of his claim for breach of contract.

THEREFORE, for all of the foregoing reasons,

**IT IS HEREBY ORDERED THAT** plaintiff State Auto's Motion to Dismiss Defendant Edward Loehr's Counterclaim or for Judgment on the Pleadings, (Docket No. 25/filed May 9, 2007) is **DENIED**.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of September, 2007.